James T. McDermott, OSB No. 933594
jmcdermott@mwcc.law
Ciaran P.A. Connelly, OSB No. 116761
cconnelly@mwcc.law
MCDERMOTT WEAVER
CONNELLY CLIFFORD LLP
1000 SW Broadway, Suite 960
Portland, OR 97205
Telephone: (503) 208-6848

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| NOVO NORDISK A/S and NOVO NORDISK INC., | Case No. 3:25-cv-01373 |
| Plaintiffs, | **COMPLAINT**<br>**(Lanham Act, Oregon UTPA)** |
| v. | |
| GORIN PLASTIC SURGERY INVESTMENTS, LLC, | |
| Defendant. | |

Plaintiffs Novo Nordisk A/S ("NNAS") and Novo Nordisk Inc. ("NNI") (collectively, "Plaintiffs" or "Novo Nordisk") file their complaint against Gorin Plastic Surgery Investments, LLC ("Defendant") for false advertising and unfair and deceptive trade practices, and seek monetary, injunctive and other relief. Plaintiffs allege as follows, on actual knowledge with respect to themselves and their own acts, and on information and belief as to all other matters.

Page 1 – COMPLAINT

## INTRODUCTION

1.      Novo Nordisk is a healthcare company with a 100-year history of innovation in developing medicines to treat chronic diseases like diabetes and obesity.

2.      The development of semaglutide is an example of Novo Nordisk's commitment to innovation for those living with chronic diseases. Semaglutide is the foundational molecule that serves as the primary ingredient for Novo Nordisk's three prescription-only medicines approved by the Food and Drug Administration ("FDA"): Ozempic® (semaglutide) injection and Rybelsus® (semaglutide) tablets for adults with type 2 diabetes and Wegovy® (semaglutide) injection for chronic weight management.

3.      Novo Nordisk is the only company in the United States with FDA-approved medicines containing semaglutide.

4.      Novo Nordisk is also the only company authorized to identify its FDA-approved semaglutide medicines using the trademarks Ozempic®, Wegovy®, and Rybelsus®.

5.      The FDA has not approved any generic versions of semaglutide medicines. To the contrary, the FDA has sent warning letters to companies that have claimed that their unapproved products have the "same active ingredient as Ozempic, Rybelsus, and Wegovy," noting that Ozempic and Wegovy are the only "two injectable semaglutide products FDA-approved for the U.S. market."[1]

---

[1] FDA – Warning Letter to Ozempen.com, MARCS-CMS 684435 — JUNE 24, 2024, https://www.fda.gov/inspections-compliance-enforcement-and-criminal-investigations/warning-letters/ozempencom-684435-06242024#:~:text=WARNING%20LETTER&text=As%20discussed%20below%2C%20FDA%20has,new%20drugs%20and%20misbranded%20drugs.

McDermott Weaver Connelly Clifford LLP
1000 SW Broadway, Suite 960
Portland, Oregon 97205
503.208.6848 | MWCC.law

6.      This is an action brought pursuant to the Lanham Act, 15 U.S.C. §§ 1051 et seq., arising out of Defendant's acts of false advertising and unfair and deceptive trade practices.

7.      Defendant markets and sells to patients compounded drug products that purport to contain semaglutide.

8.      Even though such compounded drug products have not been evaluated by the FDA for their safety, effectiveness, or quality, Defendant represents to patients that its products are FDA-approved or the same as, or equivalent to, Novo Nordisk's FDA-approved semaglutide medicines.

9.      Defendant's conduct is likely to confuse and deceive patients into mistakenly believing that they are purchasing medicines that have been evaluated by the FDA, studied in clinical trials, and deemed safe and effective.

## THE PARTIES

10.     Plaintiff NNAS is a corporation organized and existing under the laws of the Kingdom of Denmark and has its principal place of business in Bagsværd, Denmark.

11.     Novo Nordisk developed the Ozempic®, Wegovy®, and Rybelsus® medicines.

12.     NNAS has granted to NNI exclusive rights to market, advertise, promote, offer for sale, and sell Ozempic®, Wegovy®, and Rybelsus® medicines in the United States.

13.     NNI is a corporation organized and existing under the laws of Delaware and has its principal place of business in Plainsboro, New Jersey.

14.     NNI promotes, offers, and sells Novo Nordisk's Ozempic®, Wegovy®, and Rybelsus® medicines throughout the United States, including in this District.

McDermott Weaver Connelly Clifford LLP
1000 SW Broadway, Suite 960
Portland, Oregon 97205
503.208.6848 | MWCC.law

15.    Defendant Gorin Plastic Surgery Investments is a limited liability corporation with a registered business address at 6464 West Borland Road, Suite B1, Tualatin, Oregon, 97062, in this judicial district.

16.    Defendant sells and promotes compounded drug products that purport to contain semaglutide, but that have not been approved by the FDA ("Unapproved Compounded Drugs").

17.    Defendant falsely claims or otherwise misleadingly suggests that its Unapproved Compounded Drugs are the same as or equivalent to the Ozempic®, Wegovy®, and Rybelsus® medicines.

## JURISDICTION AND VENUE

18.    The Court has subject matter jurisdiction over the Lanham Act causes of action pleaded herein pursuant to 35 U.S.C. § 1121 and 28 U.S.C. § 1338(a).

19.    The Court has supplemental jurisdiction over the state and common law causes of action pleaded herein pursuant to 28 U.S.C. § 1338(b).

20.    Defendant is subject to personal jurisdiction in this District because Defendant is an Oregon-registered company and has a principal place of business in Oregon.

21.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant operates in this District, manufactures or sells its compounded drug products that purport to contain semaglutide in this District, and otherwise conducts business in this District.

McDermott Weaver Connelly Clifford LLP
1000 SW Broadway, Suite 960
Portland, Oregon 97205
503.208.6848 | MWCC.law

**NOVO NORDISK'S**
**FDA-APPROVED SEMAGLUTIDE MEDICINES**
**AND OZEMPIC®, WEGOVY®, AND RYBELSUS® TRADEMARKS**

22.    Plaintiffs use the trademarks "Ozempic," "Wegovy," and "Rybelsus" to identify and promote the FDA-approved Ozempic®, Wegovy®, and Rybelsus® medicines. The Ozempic®, Wegovy®, and Rybelsus® medicines are sold and marketed in the United States by NNAS's indirect, wholly-owned subsidiary, NNI.

23.    Ozempic® is indicated for adults with type 2 diabetes to improve blood sugar (glucose), along with diet and exercise. The Ozempic® medicine also lowers the risk of major cardiovascular events such as stroke, heart attack, or death in adults with type 2 diabetes and known heart disease, as well as the risk of kidney disease worsening, kidney failure (end-stage kidney disease), and death from cardiovascular disease in adults with type 2 diabetes and chronic kidney disease.

24.    Wegovy® is indicated to reduce excess body weight and maintain weight reduction long-term in obese adults and children aged ≥ 12 years, and some adults with weight-related medical problems, along with a reduced calorie diet and increased physical activity.

25.    Wegovy® is also indicated, with a reduced calorie diet and increased physical activity, to reduce the risk of adverse cardiovascular events such as "cardiovascular" death, heart attack, or stroke in adults with known heart disease and who are either obese or overweight.

26.    Rybelsus® is indicated for adults with type 2 diabetes to improve blood sugar (glucose), along with diet and exercise.

McDermott Weaver Connelly Clifford LLP
1000 SW Broadway, Suite 960
Portland, Oregon 97205
503.208.6848 | MWCC.law

27.    Ozempic®, Wegovy®, and Rybelsus® have been studied in clinical trials and are FDA-approved.

28.    Each of the Ozempic®, Wegovy®, and Rybelsus® medicines has a unique safety and efficacy profile which is set forth in its respective product label.

29.    The Ozempic®, Wegovy®, and Rybelsus® medicines are prescription-only medicines that should only be prescribed in direct consultation with, and under the supervision of, a licensed healthcare professional.

**DEFENDANT'S SALE OF UNAPPROVED COMPOUNDED DRUGS**

30.    Novo Nordisk does not sell its FDA-approved semaglutide medicines, Ozempic®, Wegovy®, and Rybelsus®, to Defendant for resale or redistribution.

31.    Defendant markets and sells to patients Unapproved Compounded Drugs that purport to contain semaglutide.

32.    The FDA has not approved Defendant's Unapproved Compounded Drugs.

33.    On information and belief, the Unapproved Compounded Drugs sold by Defendant are made by compounding pharmacies, which deliver them either directly to patients or to Defendant for administration or dispensing to patients.

34.    According to the FDA, compounding is a "practice in which a licensed pharmacist, a licensed physician, or, in the case of an outsourcing facility, a person under the supervision of a licensed pharmacist, combines, mixes, or alters ingredients of a drug to create a medication tailored to the needs of an individual patient."[2]

---

[2] Human Drug Compounding, https://www.fda.gov/drugs/guidance-compliance-regulatory-information/human-drug-compounding.


McDermott Weaver Connelly Clifford LLP
1000 SW Broadway, Suite 960
Portland, Oregon 97205
503.208.6848 | MWCC.law

35.     According to the FDA, "[c]ompounded drugs are not FDA-approved. This means that the FDA does not review these drugs to evaluate their safety, effectiveness, or quality before they reach patients."[3]

36.     The FDA has further stated that the "[u]nnecessary use of compounded drugs may expose patients to potentially serious health risks."[4]

37.     As the FDA has explained, "[c]ompounded drugs pose a higher risk to patients than FDA-approved drugs because compounded drugs do not undergo FDA premarket review for safety, quality or effectiveness. Compounded drugs should only be used for patients whose medical needs cannot be met by an available FDA-approved drug."[5]

38.     The process used to produce most "semaglutide" used in compounding is fundamentally different from the process used to produce the semaglutide in Novo Nordisk's FDA-approved medicines. Novo Nordisk manufactures the semaglutide in its medicines, pursuant to its FDA approval, in yeast cells under a closely controlled multistep process that uses recombinant DNA technology. Most compounded "semaglutide," however, uses a "semaglutide" manufactured via chemical synthesis. The chemical synthesis process, which is not used for the semaglutide in any FDA-approved semaglutide medicines, has resulted in

---

[3] Compounding Laws and Policies, https://www.fda.gov/drugs/human-drug-compounding/compounding-laws-and-policies.

[4] Compounding and the FDA: Questions and Answers, https://www.fda.gov/drugs/human-drug-compounding/compounding-and-fda-questions-and-answers.

[5] FDA Alerts Health Care Providers, Compounders and Patients of Dosing Errors Associated with Compounded Injectable Semaglutide Products, https://www.fda.gov/drugs/human-drug-compounding/fda-alerts-health-care-providers-compounders-and-patients-dosing-errors-associated-compounded?utm_medium=email&utm_source=govdelivery.

McDermott Weaver Connelly Clifford LLP
1000 SW Broadway, Suite 960
Portland, Oregon 97205
503.208.6848 | MWCC.law

new impurities, higher levels of known impurities, immunogenicity concerns, and potential stability issues in tested samples of compounded "semaglutide."[6]

39.    The FDA has received reports of adverse events, some requiring hospitalization, related to overdoses from dosing errors associated with compounded "semaglutide" products.[7] In several instances, patients mistakenly administered five to 20 times more than the intended dose of compounded "semaglutide."

40.    The FDA has stated that the containers and packaging (including multidose vials) used by compounders, the varying product concentrations, and the instructions accompanying the compounded drug contribute to the potential medical errors.

41.    A publication from the Journal of the American Pharmacists Association also highlighted errors where patients accidentally self-administered doses of compounded "semaglutide" up to ten times greater than the intended amount.[8]

42.    FDA has issued guidance on its "Concerns with Unapproved GLP-1 Drugs Used for Weight Loss," which provides that: (1) "compounded drugs are not FDA-approved"; (2) use of compounded drugs containing "semaglutide" "can be risky for patients, as unapproved versions do not undergo FDA's review for safety, effectiveness and

---

[6] Morten Hach *et al*, Impact of Manufacturing Process and Compounding on Properties and Quality of Follow-On GLP-1 Polypeptide Drugs, Pharm. Res., (Oct. 8, 2024), *available at* https://pubmed.ncbi.nlm.nih.gov/39379664/.

[7] FDA Alerts Health Care Providers, Compounders and Patients of Dosing Errors Associated with Compounded Injectable Semaglutide Products, https://www.fda.gov/drugs/human-drug-compounding/fda-alerts-health-care-providers-compounders-and-patients-dosing-errors-associated-compounded.

[8] Joseph E. Lambson et al, *Administration Errors of Compounded Semaglutide Reported to a Poison Control Center—Case Series*, 63 J. Am. Pharmacists Assc'n 5 (2023), available at https://www.japha.org/article/S1544-3191(23)00231-5/abstract.

McDermott Weaver Connelly Clifford LLP
1000 SW Broadway, Suite 960
Portland, Oregon 97205
503.208.6848 | MWCC.law

quality"; and (3) "FDA has received reports of adverse events related to compounded versions of semaglutide . . . . However, federal law does not require state-licensed pharmacies that are not outsourcing facilities to submit adverse events to FDA so it is likely that adverse events from compounded versions of these drugs are underreported."[9]

## DEFENDANT'S FALSE ADVERTISING IN CONNECTION WITH ITS SALE OF UNAPPROVED COMPOUNDED DRUGS

43.     Despite the foregoing, Defendant has made and continues to make false and misleading representations to patients regarding the nature of its Unapproved Compounded Drugs.

44.     Defendant has falsely advertised and continues to falsely advertise its Unapproved Compounded Drugs by making statements that describe Ozempic® and Wegovy® but that are false or misleading when in reference to Defendant's Unapproved Compounded Drugs.

45.     These false and misleading representations are presented below and in the attached **Exhibit A**.

46.     Defendant has falsely and misleadingly claimed or implied and continues to falsely and misleadingly claim or imply that its Unapproved Compounded Drugs are "generic" versions of the Ozempic® and Wegovy® medicines.

47.     On its website, Defendant claims that "Semaglutide" is "[a]lso known as Ozempic or Wegovy."

---

[9] FDA's Concerns with Unapproved GLP-1 Drugs Used for Weight Loss, https://www.fda.gov/drugs/postmarket-drug-safety-information-patients-and-providers/fdas-concerns-unapproved-glp-1-drugs-used-weight-loss.

McDermott Weaver Connelly Clifford LLP
1000 SW Broadway, Suite 960
Portland, Oregon 97205
503.208.6848 | MWCC.law

> Semaglutide is a medication originally designed for type-2 diabetics that is now also used in weight management. Also known as Ozempic or Wegovy, semaglutide treatment is a once-weekly injection through which patients can **effectively suppress hunger** and make smarter, healthier food choices.

48.     Defendant makes the same claim on its Facebook and Instagram pages.

49.     By stating that its Unapproved Compounded Drugs are also known by the brand name "Ozempic" or "Wegovy," Defendant falsely advertises to patients that Defendant's Unapproved Compounded Drugs are the same as or medically equivalent to—and an FDA-approved generic version of—the Ozempic® and Wegovy® medicines.

50.     This claim of equivalence is false and misleading.

51.     The FDA has approved the Ozempic® and Wegovy® medicines, of which semaglutide is one component, as complete medicines.

52.     These complete medicines are distinct from the semaglutide molecule, which the FDA has not reviewed or approved.

53.     Further, the FDA has not approved any generic versions of semaglutide medicines.

Page 10 – COMPLAINT

McDermott Weaver Connelly Clifford LLP
1000 SW Broadway, Suite 960
Portland, Oregon 97205
503.208.6848 | MWCC.law

54.     Defendant has claimed or implied and continues to claim or imply that its Unapproved Compounded Drugs have been approved by the FDA or have been reviewed by the FDA for safety, effectiveness, and quality.

55.     Similarly, Defendant has claimed or implied and continues to claim or imply that its Unapproved Compounded Drugs contain the same semaglutide that the FDA evaluated in the context of reviewing and approving Novo Nordisk's new drug applications for the Wegovy® and Ozempic® medicines.

56.     On its website, Defendant states that "semaglutide has been approved by the FDA for weight management in obese adults and overweight adults with weight-related comorbidities."

# FAQ

## IS SEMAGLUTIDE FDA-APPROVED FOR WEIGHT LOSS?

Yes, semaglutide has been approved by the FDA for weight management in obese adults and overweight adults with weight-related comorbidities.

57.     On its website, Defendant claims that "[a]fter numerous studies proving its effectiveness in helping participants of varying BMIs lose weight, the FDA approved [Semaglutide's] use in 2017."

McDermott Weaver Connelly Clifford LLP
1000 SW Broadway, Suite 960
Portland, Oregon 97205
503.208.6848 | MWCC.law

Semaglutide affects metabolism and the way the brain processes satiation and hunger. After numerous studies proving its effectiveness in helping participants of varying BMIs lose weight, the **FDA approved its use in 2017**. It works by triggering the pancreas to produce more insulin, a hormone that breaks down glucose, the sugars/carbs within food. In a healthy body, after every meal, blood sugar rises, but insulin quickly regulates its levels by metabolizing it. In people with diabetes, the pancreas is impaired, so this process is much slower and **blood sugar remains higher** than what is considered healthy. This is what causes the serious medical problems that uncontrolled diabetes can lead to.

58.    On its Facebook page, Defendant states that "Semaglutide is safe for long-term use and allows patients to reap the health and cosmetic benefits of attaining and sustaining a healthier weight."

---

### Gorin Plastic Surgery & Medspa's post 

Semaglutide is a medication originally designed for type-2 diabetics that is now also used in weight management. Also known as Ozempic or Wegovy, semaglutide treatment is a once-weekly injection through which patients can effectively suppress hunger. Semaglutide is safe for long-term use and allows patients to reap the health & cosmetic benefits of attaining & sustaining a healthier weight.

To find out if semaglutide is right for your weight-loss needs, get in touch with Gorin Plastic Surgery & Medspa near Portland, & we will properly evaluate your health & weight-loss goals.



**SEMAGLUTIDE**

*Why you should give it a shot*

**EFFECTIVELY SUPPRESSES HUNGER**
Helps you make smarter, healthier food choices by reducing cravings. Semaglutide boosts metabolism and improves glycemic control.

---

Page 12 – COMPLAINT

McDermott Weaver Connelly Clifford LLP
1000 SW Broadway, Suite 960
Portland, Oregon 97205
503.208.6848 | MWCC.law

59.     The statements in paragraphs 56–58 are false and misleading.

60.     The FDA approves only complete medications, not molecules or ingredients like semaglutide, and the FDA has not evaluated, let alone approved as safe and effective, Defendant's Unapproved Compounded Drugs.

61.     Defendant's false representations cause patients to believe, incorrectly, that the product with "semaglutide" offered by Defendants is the same, or contains the same semaglutide, as the Ozempic® and Wegovy® medicines that have been reviewed and approved by the FDA for safety and effectiveness.

62.     Defendant has claimed or implied and continues to claim or imply that its Unapproved Compounded Drugs have been subjected to clinical studies and trials, or have otherwise achieved therapeutic outcomes attributable to the Wegovy®, Ozempic®, and Rybelsus® medicines.

63.     On its website, Defendant states that "[p]articipants in one study reaped extensive weight loss benefits from just a 2.4 mg weekly dose [of Semaglutide].

McDermott Weaver Connelly Clifford LLP
1000 SW Broadway, Suite 960
Portland, Oregon 97205
503.208.6848 | MWCC.law

## HOW EFFECTIVE IS SEMAGLUTIDE?

With proper dosing, semaglutide is effective for diabetics and non-diabetics. Recently, it has taken the world by storm as a remedy for helping people **get their weight under control**, and many semaglutide studies have explored this. Participants in one study reaped extensive weight loss benefits from just a 2.4 mg weekly dose. With this minute amount, the participants (with a collective average BMI of 37.9) **lost an average of 28% of their body weight**, a much-needed BMI reduction for the prevention of type 2 diabetes and other weight-related diseases. [1] The study also lasted for 68 weeks, demonstrating that providers could prescribe semaglutide for long-term use, not for temporary, unhealthy, and rapid weight loss. Finally, studies also find that semaglutide **slows down gastric emptying**, meaning that food stays within the stomach for longer. [2] With this feature, the medication helps users feel physically fuller for longer periods.

64.    Defendant's reference in paragraph 63 is to the results of studies that tested Novo Nordisk's Ozempic®, Wegovy®, and Rybelsus® medicines, not Defendant's Unapproved Compounded Drugs.

## References

1. Wilding JPH, Batterham RL, Calanna S, et al. Once-Weekly Semaglutide in Adults with Overweight or Obesity. *The New England Journal of Medicine*. 2021;384(11). doi:https://doi.org/10.1056/NEJMoa2032183

2. Chaudhry A, Gabriel B, Noor J, Jawad S, Challa SR. Tendency of Semaglutide to Induce Gastroparesis: A Case Report. *Cureus*. 2024;16(1):e52564. doi:https://doi.org/10.7759/cureus.52564

3. Vaughan RW, Cork RC, Hollander D. The effect of massive weight loss on arterial oxygenation and pulmonary function tests. Anesthesiology. 1981;54(4):325-328. doi:10.1097/00000542-198104000-00013

4. Singh G, Krauthamer M, Bjalme-Evans M. Wegovy (semaglutide): a new weight loss drug for chronic weight management. *Journal of Investigative Medicine*. Published online October 27, 2021:jim-2021-001952. doi:https://doi.org/10.1136/jim-2021-001952

McDermott Weaver Connelly Clifford LLP
1000 SW Broadway, Suite 960
Portland, Oregon 97205
503.208.6848 | MWCC.law

65. Defendant's false representations cause patients to believe, incorrectly, that the Unapproved Compounded Drugs offered by Defendant have been subject to clinical studies and trials or have otherwise achieved therapeutic outcomes attributable to the Ozempic®, Wegovy®, and Rybelsus® medicines.

66. On information and belief, Defendant has engaged in and continues to engage in these unlawful practices to attract customers and generate revenues and profits.

67. Defendant has promoted and continues to promote its Unapproved Compounded Drugs in connection with its operation and advertisement of "semaglutide," including on its website and in its social media.

68. Defendant's labels, advertising, and promotional materials are false and misleading, suggesting an association with the semaglutide contained in Plaintiffs' FDA-approved Ozempic®, Wegovy®, and Rybelsus® medicines when no such association exists.

69. There is no need for Defendant to use the Ozempic® and Wegovy® trademarks to advertise or promote its Unapproved Compounded Drugs purporting to contain "semaglutide," other than to trade on the reputation of Plaintiffs and to create confusion in the marketplace or mislead the public regarding the origin, identity, or source of Defendant's Unapproved Compounded Drugs.

70. Defendant's false and misleading statements and practices are likely to have already caused mistake and deception in the marketplace.

71. Defendant's false and misleading marketing is also likely to expose patients to unnecessary risks.

72. Patients who mistakenly believe Defendant to be offering Novo Nordisk's FDA-approved medicines, or equivalents thereto, are unlikely to understand the unique risks

Page 15 – COMPLAINT

McDermott Weaver Connelly Clifford LLP
1000 SW Broadway, Suite 960
Portland, Oregon 97205
503.208.6848 | MWCC.law

associated with, or the lack of clinical trials or testing establishing the safety and effectiveness of, Defendant's Unapproved Compounded Drugs.[10]

73.     These risks are particularly acute due to Defendant's reported unsanitary practices.

74.     On information and belief, Defendant has shipped and continues to ship its Unapproved Compounded Drugs in pre-filled syringes without beyond-use dates.

75.     Failure to provide beyond-use dates may prevent patients from knowing how long the Unapproved Compounded Drugs are safe to use.

76.     Further, compounded drugs like Defendant's can degrade rapidly when stored in pre-filled syringes.

77.     On information and belief, unless enjoined by this Court, Defendant will continue to falsely advertise its products as being, equivalent to, or associated with the Ozempic® and Wegovy® medicines, all in violation of Plaintiffs' rights.

78.     On information and belief, unless enjoined by this Court, Defendant's conduct will continue to cause mistake and deception.

---

[10] *See, e.g.*, Dozens Say They Lost Eyesight After Routine Surgery Using Compounded Pharmacy Drugs, WFAA, https://www.wfaa.com/article/news/do-not-publish-yet/287-5f002ed3-e110-4063-9959-a2e5f54b5097 (reporting mistaken belief of patient taking a compounded drug that "every pill you take, every shot you take is tested."); FDA Alerts Health Care Providers, Compounders and Patients of Dosing Errors Associated with Compounded Injectable Semaglutide Products, https://www.fda.gov/drugs/human-drug-compounding/fda-alerts-health-care-providers-compounders-and-patients-dosing-errors-associated-compounded?utm_medium=email&utm_source=govdelivery ("Compounded drugs pose a higher risk to patients than FDA-approved drugs because compounded drugs do not undergo FDA premarket review for safety, quality or effectiveness.").

Page 16 – COMPLAINT

## FIRST CAUSE OF ACTION

### Defendant's False and Misleading Advertising and Promotion
### in Violation of 15 U.S.C. § 1125(a)(1)(B)

79.     Plaintiffs reallege and incorporate each of the allegations in the preceding paragraphs of this Complaint as though fully set forth here.

80.     Defendant's practices, as described in this Complaint, constitute unfair competition and false advertising in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

81.     Defendant has violated and continues to violate the Lanham Act by using false or misleading descriptions of fact and false or misleading representations of fact in its commercial advertising or promotion that misrepresent the nature, characteristics, and qualities of Defendant's business practices and products, as set forth above.

82.     Defendant has also engaged and continues to engage in other false or misleading advertising and promotion intended to assure patients that Defendant's practices are lawful. On information and belief, Defendant provides patients who purchase Defendant's Unapproved Compounded Drugs (or whom Defendant is trying to persuade to purchase its drugs) information that makes several false or misleading statements, including those described herein and in the exhibit attached hereto.

83.     The above-described acts of Defendant, if not enjoined by this Court, are likely to deceive members of the general public.

84.     The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs.

McDermott Weaver Connelly Clifford LLP
1000 SW Broadway, Suite 960
Portland, Oregon 97205
503.208.6848 | MWCC.law

85.    The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm the interest of the public in being free from confusion, mistake, and deception.

86.    By reason of Defendant's acts as alleged above, Plaintiffs have suffered and will continue to suffer injuries, including injury to Plaintiffs' business reputation.

87.    Because Plaintiffs' remedies at law are not adequate to compensate for all the injuries inflicted by Defendant, Plaintiffs are entitled to entry of permanent injunctive relief requiring Defendant to cease its false and misleading advertising and promotion and unfair competitive practices.

88.    Because the above-described acts of Defendant are willful, Plaintiffs are entitled to disgorgement of Defendant's profits (enhanced at the Court's discretion), treble damages, and costs under 15 U.S.C. § 1117.

89.    This is an exceptional case, making Plaintiffs eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

### Deceptive Trade Practices in Violation of the
### Oregon Unlawful Trade Practices Act

90.    Plaintiffs reallege and incorporate each of the allegations in the preceding paragraphs of this Complaint as though fully set forth here.

91.    The above-described acts of Defendant constitute unlawful business practices in violation of Oregon law.

92.    The Oregon Unlawful Trade Practices Act ("UTPA") prohibits unlawful business practices: "A person engages in an unlawful practice if in the course of the person's business, vocation or occupation, the person . . . [c]auses likelihood of confusion or of

Page 18 – COMPLAINT

McDermott Weaver Connelly Clifford LLP
1000 SW Broadway, Suite 960
Portland, Oregon 97205
503.208.6848 | MWCC.law

misunderstanding as to the source, sponsorship, approval, or certification of . . . goods or services" or "[r]epresents that . . . goods or services have . . . characteristics, ingredients, uses, benefits, quantities or qualities that the . . . goods or services do not have." O.R.S. 646.608.

93.    Defendant engaged in the above-described acts as evidenced by Defendant's use of false and misleading statements to advertise and sell its products, which cause a likelihood of confusion or of misunderstanding as to the source of its products and by Defendant's representation that its products have ingredients, benefits, or qualities that they do not have.

94.    The above-described acts of Defendant have caused Plaintiffs to suffer an ascertainable loss, including injury to Plaintiffs' business reputation. If not enjoined, the loss suffered by Plaintiffs will continue.

95.    The above-described acts of Defendants have irreparably harmed and, if not enjoined, will continue to irreparably harm consumers by preventing them from being free from confusion, mistake, and deception.

96.    Defendants have unfairly profited from the actions alleged.

97.    Because Plaintiffs' remedy at law is not adequate to compensate for the injuries inflicted by Defendant, Plaintiffs are entitled to permanent injunctive relief in addition to monetary relief in the form of disgorgement of Defendant's profits as well as corrective advertising costs.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request judgment against Defendant as follows:

1.    That the Court enter a judgment against Defendant that Defendant has:

McDermott Weaver Connelly Clifford LLP
1000 SW Broadway, Suite 960
Portland, Oregon 97205
503.208.6848 | MWCC.law

> a.    engaged in false and misleading advertising and promotion, in violation of 15 U.S.C. § 1125(a).
>
> b.    engaged in unlawful trade practices in violation of O.R.S. 646.608.

2.    That the Court declare that each of the above acts was willful.

3.    That the Court permanently enjoin and restrain Defendant and its agents, servants, employees, successors, and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, from:

> a.    using the Ozempic®, Wegovy®, and Rybelsus® marks, including (i) use in any manner likely to cause confusion or mistake, to deceive, or otherwise infringe Novo Nordisk's rights in those marks, or (ii) use in connection with the advertising, marketing, sale, or promotion of any Unapproved Compounded Drugs; and,
>
> b.    advertising, stating, or suggesting that any Unapproved Compounded Drugs, including any Unapproved Compounded Drugs that either are available, directly or indirectly, from or through Defendant or the use of which or access to which is facilitated by, or with the involvement of, Defendant:
>
> > i.    are, or contain, genuine or authentic Novo Nordisk Ozempic®, Wegovy®, or Rybelsus® medicines;
> >
> > ii.   are sponsored by or associated with Novo Nordisk;
> >
> > iii.  are approved by the FDA; have been reviewed by the FDA for safety, effectiveness, or quality; or have been demonstrated to the FDA to be safe or effective for their intended use;

Page 20 – COMPLAINT

McDermott Weaver Connelly Clifford LLP
1000 SW Broadway, Suite 960
Portland, Oregon 97205
503.208.6848 | MWCC.law

     iv.  achieve or have been shown or proven to achieve therapeutic results, effects, or outcomes, including but not limited to by relying on or making reference to clinical trial results for Novo Nordisk's medicines;

     v.  achieve or have been shown or proven to achieve therapeutic results, effects, or outcomes similar or identical to Novo Nordisk's medicines or are interchangeable with or equivalent to genuine Novo Nordisk medicines;

     vi.  are associated or connected in any way with Novo Nordisk or Novo Nordisk's medicines; or

     vii.  contain any ingredient (including semaglutide) that is supplied by Novo Nordisk, is approved by the FDA, or is the same as any ingredient in any Novo Nordisk medicine.

    c.  engaging in unfair and deceptive trade practices with respect to Novo Nordisk's Ozempic®, Wegovy®, or Rybelsus® medicines; and

    d.  engaging in deceptive acts or practices with respect to Novo Nordisk's Ozempic®, Wegovy®, or Rybelsus® medicines.

4.  That the Court require Defendant to disclose conspicuously and prominently in any public-facing materials for any Unapproved Compounded Drugs, including all advertising, marketing, and promotional materials, that: (a) the Unapproved Compounded Drugs are compounded drugs that have not been approved by the FDA; have not been reviewed by the FDA for safety, effectiveness, or quality; and have not been demonstrated to the FDA to be

Page 21 – COMPLAINT

McDermott Weaver Connelly Clifford LLP
1000 SW Broadway, Suite 960
Portland, Oregon 97205
503.208.6848 | MWCC.law

safe or effective for their intended use; (b) the processes by which the compounded drugs are manufactured have not been reviewed by the FDA; and (c) FDA-approved medicines containing semaglutide are available.

5.     That the Court award Plaintiffs monetary relief in the form of disgorgement of Defendant's profits for Defendant's false advertising and unfair and deceptive trade practices with respect to Novo Nordisk's Ozempic®, Wegovy®, or Rybelsus® medicines and that this monetary relief be trebled due to Defendant's willfulness, in accordance with 15 U.S.C. § 1117 and any other applicable provisions of law.

6.     That the Court award disgorgement to Plaintiffs of Defendant's profits resulting from Defendant's unfair and deceptive trade practices with respect to Novo Nordisk's Ozempic®, Wegovy®, or Rybelsus® medicines.

7.     That the Court order Defendant to account for and disgorge to Plaintiffs all amounts by which Defendant has been unjustly enriched by reason of Defendant's unlawful actions with respect to Novo Nordisk's Ozempic®, Wegovy®, or Rybelsus® medicines.

8.     That the Court award Plaintiffs punitive damages by reason of Defendant's willful unlawful actions with respect to Novo Nordisk's Ozempic®, Wegovy®, or Rybelsus® medicines.

9.     That the Court award Plaintiffs pre-judgment and post-judgment interest on all damages.

10.    That the Court award Plaintiffs their reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and any other applicable provision of law.

McDermott Weaver Connelly Clifford LLP
1000 SW Broadway, Suite 960
Portland, Oregon 97205
503.208.6848 | MWCC.law

11.    That the Court award Plaintiffs the costs of suit incurred herein.

12.    That the Court grant such other or further relief as the Court may deem just

and proper.

DATED August 4, 2025                    s/ Ciaran P.A. Connelly
                                        James T. McDermott, OSB 933594
                                        jmcdermott@mwcc.law
                                        Ciaran P.A. Connelly, OSB 116761
                                        cconnelly@mwcc.law
                                        McDermott Weaver Connelly Clifford LLP
                                        1000 SW Broadway, Suite 960
                                        Portland, Oregon 97205
                                        (503) 208-6848

                                        *Attorneys for Plaintiffs*
                                        *Novo Nordisk A/S and*
                                        *Novo Nordisk Inc.*

Page 23 – COMPLAINT